IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOSE A. RUBIANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 306-029 |
| | ) |
| FRED BURNETTE, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("Telfair") in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I.     BACKGROUND

Plaintiff avers that he has been wrongfully placed in administrative segregation for 28 days. Compl., p. 6. Plaintiff was placed in segregation for insubordination and failure to follow instructions when he refused to "greet" Defendant Warden Fred Burnette ("Burnette") as required during daily inspection. Compl., pp. 8-9. According to Plaintiff, being required to greet Defendant Burnette "in a military manner" violates his First Amendment right to

"remain silent." Id. at 8-9. Thus, in Plaintiff's words, punishing him for refusing to "greet" the warden constituted unlawful "retaliation" for exercising his First Amendment rights. Id. at 12. Plaintiff also complains of various infirmities in the disciplinary hearing process, which Plaintiff contends violated the Due Process Clause. Id at 10-11. Finally, Plaintiff also complains that his grievances regarding these issues were improperly denied. Id. at 13. The Court resolves the matter as follows.[1]

## II. DISCUSSION

To begin, Plaintiff's dissatisfaction with administrative grievance procedures at Telfair does not constitute a viable claim under § 1983. The "prison grievance procedure confers no liberty interest on a prisoner." Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). In other words, the "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thus, alleged misdeeds regarding prison grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). In sum, "[t]here is no constitutional right to file prison grievances." Rienholtz v. Campbell, 64 F. Supp.2d 721, 730 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999)(Table). Accordingly, Plaintiff's claims regarding the handling of his grievances should be dismissed.

Next, Plaintiff's punishment for refusing to "greet or shout in a military manner" during the inspection, see Compl., p. 9, did not implicate his constitutional rights. First of all, Plaintiff's complaint, even construed liberally, does not state a viable First Amendment claim.

---

[1] The Court is aware that Plaintiff has amended his complaint to correct the name of a defendant. (Doc. no. 8, *granted by*, doc. no. 9.) As the amendment contains no substantive allegations, it does not impact the Court's analysis herein.

A prisoner's challenge to prison restrictions that he claims inhibit his First Amendment rights must be reviewed in terms of the legitimate goals and policies of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Prison officials may take actions which abridge an inmate's First Amendment rights if the actions are "reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987).

Here, as part of an attempt to maintain inmate discipline and respect for prison staff, inmates are apparently required to stand and respectfully greet the warden during daily inspections. This requirement is not unreasonable, and Plaintiff's contention that this requirement violates the First Amendment is frivolous. See, e.g., Dawud v. Linahan, CV 795-143, 1997 WL 233048, at *1 (M.D. Ga. Apr. 22, 1997) (dismissing prisoner's claim that being forced to "march and repeat military cadences" was unconstitutional). Thus, in refusing to comply with the policy, Plaintiff was not exercising a constitutional right, and his resulting punishment was not unconstitutional "retaliation."

Neither did Plaintiff's discipline implicate his due process rights. Plaintiff's stay in administrative segregation would only infringe a protected liberty interest if it posed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that Hawaii prisoner's 30-day stay in disciplinary confinement did not violate Due Process Clause). To be more precise, in order to establish a violation, Plaintiff must bring allegations showing either that a "change in [his] conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court" or that "the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit imposes atypical and

3

significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (citation and quotation omitted).

Here, Plaintiff does not suggest that the disciplinary sanction has resulted in a sentence exceeding that imposed by the court of conviction. Likewise, the Court is not persuaded that Plaintiff's 28-day stay in isolation for failing to "greet" Defendant Burnette posed any significant and atypical hardship, and therefore his allegations related to his isolation and disciplinary proceedings do not state viable § 1983 claims.[2] See Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998)(prisoner's claims regarding false disciplinary report and two-month stay in administrative confinement properly dismissed by district court under Sandin). In sum, Plaintiff has failed to state a claim upon which relief may be granted.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** because Plaintiff has failed to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 24th day of July, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Of course, a much longer stay in disciplinary segregation could pose an "atypical hardship" and thus trigger minimum procedural due process protections. See Williams v. Fountain, 77 F.3d 372, 374-75 (11th Cir. 1996)(explaining that disciplinary sanction of twelve months of disciplinary confinement triggered procedural due process protections under Sandin); but see Wagner v. Hanks, 128 F.3d 1173, 1175-76 (7th Cir. 1997)(Posner, J.)("[T]he right to litigate disciplinary confinements has become vanishingly small . . . when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after Sandin it can be made the basis of a suit complaining about a deprivation of liberty.").